1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   EVERETT VAN PATTEN and VIRGINIA          No. C-05-1534 MMC
     VAN PATTEN,
12                                            **ORDER GRANTING PLAINTIFFS'**
                    Plaintiffs,               **MOTION TO REMAND; DENYING**
13                                            **PLAINTIFFS' MOTION FOR PAYMENT**
        v.                                    **OF FEES AND COSTS; VACATING**
14                                            **HEARING**
     ASBESTOS DEFENDANTS,
15
                    Defendants
16   _____/

17          Before the Court is the motion of plaintiffs Everett Van Patten and Virginia Van

18   Patten to remand the above-titled action to state court, pursuant to 28 U.S.C. § 1447(c),

19   and for an award of fees and costs, pursuant to § 1447(c).  Defendant United Technologies

20   Corporation ("UTC") has filed opposition, to which plaintiffs have replied.  Having read and

21   considered the papers filed in support of and in opposition to the motion, the Court deems

22   the matter suitable for decision on the papers, VACATES the hearing scheduled for June

23   24, 2005, and rules as follows.

24          1.  UTC has failed to meet its burden to establish the district court has removal

25   jurisdiction under 28 U.S.C. § 1442.  <u>See</u> 28 U.S.C. § 1442(a)(1) (providing "any [federal]

26   officer (or any person acting under that officer), sued . . . for any act under color of such

27   office" may remove action).  Specifically, UTC has failed to demonstrate that, when it used

28   asbestos in the engines it supplied to the United States, it did so because the United States

United States District Court

For the Northern District of California

1  required UTC to incorporate asbestos in such engines.  See Green v. A.W. Chesterton Co.,

2  366 F. Supp. 2d 149, 157 (D. Me. 2005) (holding, in asbestos personal injury action,

3  removing defendant failed to establish "acting under" requirement in § 1442(a)(1), where

4  defendant did not show its "products or components incorporated asbestos pursuant to

5  U.S. Navy requirements").  Rather, the declarations offered by UTC show only that UTC

6  submitted to the United States drawings of the engines UTC proposed to manufacture and

7  that UTC indicated therein where "asbestos was going to be used."  (See Gentile Decl. ¶¶

8  5, 6; see also Shiffler Decl. ¶¶ 9, 11, 12.)

9       2.  To the extent UTC alternatively bases removal on the federal enclave doctrine,

10  such removal is defective because no defendant joined in the notice of removal.  See

11  Hewitt v. City of Stanton, 798 F. 2d 1230, 1232 (9th Cir. 1986) (holding removal defective

12  where one of two defendants did not join in notice of removal); Thorington Decl. ¶ 5, Ex. C

13  (listing and attaching proofs of service showing 22 defendants, in addition to UTC, served

14  with plaintiffs' complaint).  Defendants point out that an exception to the unanimity

15  requirement exists where the plaintiff's claim against the removing defendant is "separate

16  and independent" from the plaintiff's claims against non-joining defendants.  See Henry v

17  Independent American Savings Ass'n, 857 F. 2d 995, 999 (5th Cir. 1988) (holding where

18  removal based on "separate and independent" claim, consent of defendants named in the

19  other claims not required).  Here, however, plaintiffs allege "one actionable wrong,"

20  specifically, personal injuries arising from exposure to a number of different products

21  containing asbestos, and, accordingly, plaintiffs' claims against UTC are not "separate and

22  independent" of plaintiffs' claims against the non-joining defendants.  See American Fire &

23  Cas. Co. v. Finn, 341 U.S. 6, 13-14 (1951) (holding where plaintiff alleges invasion of

24  "single primary right," such as "right of bodily safety," caused by "several distinct acts of

25  alleged negligence or [by] a combination of some or all of them," plaintiff's claims not

26  "separate and independent" but, rather, "one actionable wrong").

27       3.  Although 28 U.S.C. § 1447(c) provides a district court with discretion to award a

28  plaintiff attorney's fees and costs "incurred as a result of the removal," see 28 U.S.C.

2

§ 1447(c), and although a showing of bad faith is not a prerequisite to such an award, <u>see</u> <u>Moore v. Permanente Medical Group</u>, 981 F. 2d 443, 447 (9th Cir. 1992), the Court, given the issues raised, is not persuaded that an award of fees and costs is appropriate in this case.  Accordingly, the request for an award of fees and costs will be denied.

**CONCLUSION**

For the reasons discussed above:

1.  Plaintiffs' motion to remand is hereby GRANTED and the above-titled action is hereby REMANDED to the Superior Court of California in and for the County of San Francisco.

2.  Plaintiffs' request for an award of fees and costs is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 22, 2005                          /s/ Maxine M. Chesney
                                                            MAXINE M. CHESNEY
                                                            United States District Judge